UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 2: 06-95-DCR |
| | ) | Civil Action No. 2: 13-7299-DCR |
| V. | ) | |
| | ) | |
| DONALD L. GRAHAM, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Donald L. Graham has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 178] Graham's motion is not timely. As a result, the Court will deny the relief requested.

**I.**

Graham was indicted on December 13, 2006, for distribution and conspiracy to distribute and possess with intent to distribute a controlled substance — namely, cocaine base (crack cocaine) — in Kenton and Campbell Counties, Kentucky. [Record No. 1] Additionally, Graham was charged with aiding and abetting the distribution of crack cocaine. [*Id.*] Following a three-day trial, on July 18, 2007, a jury found Defendant Graham guilty of distribution and conspiracy to distribute over 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2. [Record No. 85]

At a sentencing hearing held on March 14, 2008, Graham was sentenced to a total term of imprisonment of life imprisonment, to be followed by ten years of supervised release.

[Record No. 155] He appealed his conviction and sentence, but the United States Court of Appeals for the Sixth Circuit affirmed this Court's Judgment on September 21, 2010. [Record No. 161] The Supreme Court denied Graham's petition for a writ of certiorari on June 7, 2011. [Record No. 165] On August 8, 2013, Graham filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 178]

**II.**

The Court conducts an initial review of motions for habeas relief. 28 U.S.C. § 2243. It must deny a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4 of the Rules Governing § 2255 Cases in the United States District Courts. The Court evaluates Graham's petition under a lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

In his § 2255 motion, Graham challenges the use of two prior felony convictions to "trigger[] the mandatory minimum sentence by increasing the penalty of Count One and Seven to a statutory term of mandatory life." [Record No. 178, p. 6] Graham maintains that the Supreme Court's recemt decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), establishes that his sentence was inappropriate. He requests that his sentence be vacated and that he be resentenced using a lower mandatory minimum.

A defendant seeking to collaterally challenge his federal conviction or sentence is subject to a one-year period of limitation. 28 U.S.C. § 2255(f). As a general rule, the limitation period "shall run from . . . the date on which the judgment of conviction becomes final." 28 U.S.C.

§ 2255(f)(1). Graham's conviction became final on June 7, 2011, when his petition for a writ of certiorari was denied by the Supreme Court. [Record No. 165] Yet he did not file the current motion until over two years later. Thus, Graham's motion is untimely under § 2255(f)(1). However, the one-year limitation period may also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Graham maintains that his motion is timely under this provision because it is "based on the new rule of law announced by the U.S. Supreme Court" in *Alleyne*. [Record No. 178-1, p. 6]

In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."[1] 133 S. Ct. at 2155. Because the case was decided on direct appeal, there is no indication in *Alleyne* that the Supreme Court intended its holding to apply retroactively to cases on collateral review, and the Sixth Circuit has not yet spoken on the issue. As a result, this Court must "decide retroactivity in the first instance." *Wiegand v. United States*, 380 F.3d 890, 893 (6th Cir. 2004).

---

1  The Supreme Court has previously held that recidivism — *i.e.*, a defendant's record of prior convictions — is not an "element" of an offense and, therefore, does not need to be charged in the indictment or submitted to the jury. *Almendarez-Torres v. United States*, 523 U.S. 224, 243-47 (1998); *see Jones v. United States*, 526 U.S. 227, 243 n.6 (1999) ("[A]ny fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."). The *Alleyne* Court acknowledged this "narrow exception to the general rule for the fact of a prior conviction" and declined to revisit the holding in *Almendarez-Torres*. 133 S. Ct. at 2160 n.1.

Generally, a new rule of law decided after a defendant's conviction becomes final may not be applied to that defendant's case on collateral review. *Teague v. Lane*, 489 U.S. 288, 310 (1989). There are, however, two exceptions to this rule. The retroactive application of a new rule is appropriate when:

> 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.

*In re Green*, 144 F.3d 384, 386 (6th Cir. 1998).

The holding in *Alleyne* does not fall within either of these exceptions. The *Alleyne* Court did not place any individual conduct beyond the power of the United States to punish, nor did it prohibit the imposition of any type of punishment. And the rule announced in *Alleyne* does not qualify as a watershed rule of criminal procedure. *See Caspari v. Bohlen*, 510 U.S. 383, 396 (1994) (describing watershed rule as "a groundbreaking occurrence"); *Saffle v. Parks*, 494 U.S. 484, 495 (1990) ("Although the precise contours of this exception may be difficult to discern, we have usually cited *Gideon v. Wainwright*, 372 U.S. 335 (1963), holding that a defendant has the right to be represented by counsel in all criminal trials for serious offenses, to illustrate the type of rule coming within the exception."). Further, as the Seventh Circuit has explained,

> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348 (2004). This implies that the Court will not declare *Alleyne* to be retroactive. *See also Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002) (*Apprendi* itself is not retroactive).

*Simpson v. United States*, No. 13-2373, 2013 U.S. App. LEXIS 13902, at *3 (7th Cir. July 10, 2013); *see also Affolter v. United States*, No. 4:13CV01413, 2013 U.S. Dist. LEXIS 104835, at *5 n.2 (E.D. Mo. July 26, 2013).

The Court concludes that the rule announced in *Alleyne* cannot be applied to Graham's § 2255 motion because it does not have retroactive effect. A number of other district courts considering the matter have reached a similar conclusion. *Affolter*, 2013 U.S. Dist. LEXIS 104835, at *5 (declining to apply *Alleyne* as it "does not fall within either of the exceptions to the non-retroactivity rule"); *United States v. Eziolisa*, No. 3:10-cr-039, 2013 U.S. Dist.102150, at *6-8 (S.D. Ohio July 22, 2013) ("*Alleyne* does not apply retroactively to [this] case so as to extend the statute of limitations."); *United States v. Stanley*, No. 09-CR-0022-JHP, 2013 U.S. Dist. LEXIS 98943, at *20-21 (N.D. Okla. July 16, 2013) ("[B]ecause the Court finds that *Alleyne* does not fall within either of the exceptions to the non-retroactivity rule, the Court declines to apply *Alleyne* in this section 2255 proceeding."); *see also United States v. Cantu-Rivera*, No. H-13-0797, 2013 U.S. Dist. LEXIS 103188, at *3 (S.D. Tex. July 24, 2013); *Smith v. Fed. Bureau of Prisons*, No. 9:13-384-RMG-BM, 2013 U.S. Dist. LEXIS 103643, at *9 n.2 (D.S.C. July 2, 2013). Therefore, because *Alleyne* is not retroactive to cases on collateral review, and because Graham's motion was filed more than one year after his conviction became final, his motion will be dismissed as untimely.

### III.

For the reasons discussed above, it is hereby

**ORDERED** as follows:

1. Defendant/Movant Donald L. Graham's Motion to Vacate, Set Aside, or Correct Sentence [Record No. 178] is **DENIED**.

2. This habeas proceeding is **DISMISSED** and **STRICKEN** from the docket.

This 15th day of August, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge